COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     R. T. Hardge v. The State of Texas

Appellate case number:   01-15-00815-CR

Trial court case number: 1223224

Trial court:             180th District Court of Harris County

Proceeding pro se, appellant, R.T. Hardge, filed a notice of appeal of the trial court's order regarding post-conviction DNA testing. On October 26, 2016, the district clerk filed a supplemental clerk's record that included the trial court's order appointing Leah M. Borg to represent appellant on appeal. In a November 22, 2016 order, we directed appellant to file his brief no later than December 22, 2016.

After he filed a motion for extension of time, the Court extended the time to file appellant's brief to January 23, 2017. On February 1, 2017, the Clerk of this Court notified appellant that the time for filing a brief had expired, and unless the Court received appellant's brief or a motion to extend time to file the brief within ten days, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See id.* 38.8(b)(2), (3). Appellant has not filed a brief.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Leah M. Borg, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;
(2)     if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Leah Borg of her duties as appellant's counsel;

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

(3)     if good cause exists, enter a written order relieving Leah Borg of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)     if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5)     make any other findings and recommendations the trial court deems appropriate; and

(6)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2016); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
          ☑ Acting individually    □ Acting for the Court

Date: March 14, 2017